FILED & ENTERED

OCT 17 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-15900-RK |
| MARTIN PEMSTEIN and DIANA PEMSTEIN, | Chapter 11 |
| Debtors. | |
| | MEMORANDUM DECISION RE: DEBTORS' OBJECTION TO PROOF OF CLAIM OF HAROLD PEMSTEIN RELATING TO LOST INVENTORY |

**BACKGROUND**

This case came on for trial before the undersigned United States Bankruptcy Judge on July 27, 2012 on the objection of debtors Martin Pemstein and Diana Pemstein ("debtors") to the proof of claim of creditor Harold Pemstein with respect to the unresolved part of Harold Pemstein's claim relating to lost inventory. Creditor Harold Pemstein represented himself at trial. Alan W. Forsley, of the law firm of Fredman Knupfer Lieberman LLP, represented debtors.

Having considered the testimony and evidence admitted at trial and the oral and written arguments of the parties, the court hereby issues this memorandum decision

setting forth its findings of facts and conclusions of law pursuant to Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

The court has already ruled upon portions of the claim of Harold Pemstein and does not address such rulings in this memorandum decision.  The objection to the portion of the claim relating of lost inventory has not yet been resolved.

### FACTS

With respect to lost inventory, Harold Pemstein ("Harold") contends that Martin Pemstein ("Martin") is liable to him for lost inventory of his, which was either lost or stolen when his property was in Martin's custody after Martin as landlord recovered leased premises from his brother, Harold, as tenant at 519 South Santa Fe, Santa Ana, California.  Martin had obtained a writ of possession of the premises after filing an unlawful detainer lawsuit against Harold in the Superior Court of California, County of Orange.  Pursuant to the writ of possession, Martin evicted Harold from the premises, and Martin took over complete custody and control of the premises on May 29, 2008.  To secure the premises, Martin physically boarded up the premises with plywood to prevent access from the adjacent property, which Harold was using as his new business premises.  Access to the premises could only be obtained through Martin's express consent.

Due to the eviction, Harold was unable to completely remove his personal property consisting of inventory in his business from the premises.  After the eviction, Martin allowed some access to the premises to Harold and Harold's employees to retrieve Harold's business inventory from the premises on May 30 and 31, 2008, but Martin then did not allow Harold access to the premises afterwards despite repeated requests by Harold by his lawyer, Steven Cameron, to Martin by his lawyer, David Rosenbaum.  At this time, Harold and Martin were not communicating directly, but through their respective counsel.  From May 31, 2008 to June 16, 2008, Martin did not go into the premises, nor did he allow Harold access to the premises.  Thus, during this time, Harold could not remove his inventory from the premises, and his inventory remaining on the premises

1  was either stolen or otherwise removed.  The court finds that due to Martin's denial of

2  reasonable access by Harold to the premises, Harold did not have sufficient time to

3  remove all of his business inventory before it was stolen or removed without Harold's

4  consent from the premises under Martin's complete custody and control.

5      Based on the testimony of Harold, the owner of the lost or stolen inventory, and of

6  Steven Ebrecht, Harold's business manager, the court finds that the value of Harold's lost

7  or stolen inventory was $23,730.00.  The value of the lost inventory consists of: (1) the

8  value of Honda BMXA transmission parts (including all gears, mainshafts, countershafts,

9  differentials and valve body/pumps) in the amount of $3,800.00; (2) the value of Honda

10  B4RA transmission parts (including all gears, mainshafts, countershafts, differentials and

11  valve body/pumps) in the amount of $3,035.00; (3) the value of Honda A4RA

12  transmission parts (including all gears, mainshafts, countershafts, differentials and valve

13  body/pumps) in the amount of $3,400.00; (4) the value of TH125 transmission parts

14  (including fwd. drum channel plates, planets (front and rear), differentials and drive

15  shells) in the amount of $4,080.00; (5) Mercedes 722.3 transmission parts (including

16  pumps, drums (fwd. and direct as set), planet assy. sets and valve bodies) in the amount

17  of $1,260.00; (6) Mercedes 722.4 transmission parts (including pumps, drums (fwd. and

18  direct as set), planet assy. sets and valve bodies) in the amount of $415.00;

19  (7) Mercedes 722.5 transmission parts (including pumps, drums (fwd. and direct as set),

20  planet assy. sets and valve bodies) in the amount of $700.00; (8) Mercedes 722.6

21  transmission parts (including pumps, drums (set of three), planet assy. complete and

22  valve bodies) in the amount of $935.00; (9) value of TH200 transmission parts (including

23  pumps, fwd. drums, direct drums, planet sets, and valve bodies) in the amount of

24  $2,115.00; 10) value of TH200-4R transmission parts (including pumps, fwd. drums,

25  direct drums, O/D drums, planet assy. complete, and valve bodies) in the amount of

26  $2,115.00; and (11) 75 sheets of plywood (cost of $25.00 per sheet) in the amount of

27  $1,875.

28

The court finds Mr. Ebrecht's testimony about the existence and value of Harold's lost inventory to be credible because for 17 years, Mr. Ebrecht worked as a salesperson and sales manager at California Transmission, the business engaged in wholesale and retail sales of automotive transmission parts first owned by Martin and then owned by Harold.  In these capacities, Mr. Ebrecht sold, kept track of, and supervised, the parts inventory of California Transmission for 17 years.  Although the parts inventory list compiled by Mr. Ebrecht was reconstructed two years after the loss of the inventory, the court heard his testimony that his job was to keep track of inventory and found that his knowledge and memory constituted sufficient bases to accurately reconstruct specific items of inventory on Harold's inventory list submitted as a trial exhibit.  The court does not find the remaining part of the inventory list to be credible because value of these items were based on estimates made by Harold and Mr. Ebrecht without specific enough recollection of the existence of these items, and sustains the objection to proof of claim in part for lack of substantiation of value of the lost property.

**ANALYSIS**

## I.  California Statutory Authority

California landlord-tenant law governs the duties of a landlord in regards to a tenant's personal property remaining in the leased premises, possession of which has been recovered by the landlord.  After the landlord has recovered such premises pursuant to an unlawful detainer action, the landlord shall either: store the tenant's personal property "in a place of safekeeping" until it is released to the tenant; or sell the property at a public auction.  *California Code of Civil Procedure,* § 1174(g), (h) and (i); *California Civil Code*, § 1993.07.  *California Civil Code,* § 1993.06 also provides that the landlord shall keep the former tenant's personal property remaining in the premises either at the vacant premises or in another place of safekeeping until the landlord releases such property to the former tenant or sells the property at a public auction.  *California Civil Code,* § 1993.06.  "The landlord shall exercise reasonable care in storing the property,

1    but he or she is not liable to the tenant or any other owner for any loss not caused by his

2    or her deliberate or negligent act." *Id.*

3        Here, Martin, who was Harold's landlord, was required under *California Civil Code*,

4    § 1993.06 to exercise reasonable care in storing Harold's business inventory that was

5    remaining in Harold's former premises.  Given the extended period of time that Martin

6    boarded up the premises, did not go to the premises and denied access to Harold and

7    the considerable value of Harold's remaining inventory, the court finds that he did not

8    secure the premises in a reasonable manner because he used only plywood to prevent

9    access, which was not sufficient to secure the inventory for this period of time, over two

10    weeks.

11        As provided in *California Civil Code,* § 1993.06, a landlord must exercise

12    reasonable care in storing a tenant's property, but is not liable for "any loss not caused by

13    his or her deliberate or negligent act."  *California Civil Code,* § 1993.06.  Because the

14    court finds that Martin did not exercise reasonable care in storing Harold's inventory, the

15    court must determine whether Martin is liable either based on a deliberate act or a

16    negligent one.

17        There is no evidence indicating that Martin acted deliberately with respect to

18    Harold's inventory because Martin did not apparently steal or lose the inventory

19    intentionally.

20        However, the court finds by a preponderance of the evidence that Martin is liable

21    to Harold as his actions were negligent.  In California, the elements of negligence involve

22    a "legal duty to use due care, a breach of such legal duty, and the breach as the

23    proximate or legal cause of the resulting injury."  *United States Liability Insurance Co. v.*

24    *Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970)(citations omitted).  The standard of due

25    care is the exercise of reasonable care given the specific set of circumstances.  *See*

26    *Parsons v. Crown Disposal Company*, 15 Cal. 4th 456, 472-473 (1997)(citations omitted).

27    To demonstrate that the breach was the legal cause of the injury, it is "necessary . . . to

28    show that the negligence of the defendants . . . contributed in some way to the plaintiff's

1   injury, so that 'but for' the defendant's negligence the injury would not have been

2   sustained." *Akins v. County of Sonoma*, 67 Cal. 2d 185, 198-199 (1967)(citations

3   omitted).  Additionally, in cases involving a later cause of independent origin, courts

4   should consider "whether the later cause of independent origin, commonly referred to as

5   an intervening cause, was foreseeable by the defendant or, if not foreseeable, whether it

6   caused injury of a type which was foreseeable.  If either of these questions is answered

7   in the affirmative, then the defendant is not relieved from liability towards the plaintiff; if,

8   however, it is determined that the intervening cause was not foreseeable and that the

9   results which it caused were not foreseeable, then the intervening cause becomes a

10  supervening cause and the defendant is relieved from liability for the plaintiff's injuries."

11  *Id.*

12      Given *California Civil Code,* § 1993.06, Martin had a duty as a landlord with

13  respect to Harold as an evicted tenant as to the personal property remaining on the

14  leased premises, that is, Harold's remaining business inventory, and therefore Martin

15  should have acted with due care by exercising reasonable care in these circumstances.

16  A reasonable person would have recognized the valuable business inventory remaining

17  in the premises and considered the extended period of time that the property was left

18  unattended and poorly secured by the plywood, or allowed Harold access to the premises

19  to finish removing the business inventory.  Martin breached this duty of care by not

20  allowing Harold reasonable access to the premises or better securing the premises

21  against theft.  Martin's breach legally caused the harm to Harold's business inventory

22  because "but for" Martin's breach the business inventory would have been in Harold's

23  possession or would not have been lost or stolen.  Theft or loss of this inventory are not

24  supervening causes here because the harm was foreseeable; valuable items are

25  regularly stolen or lost if the premises are inadequately secured.  Accordingly, the court

26  finds by a preponderance of the evidence that Martin was negligent as to the loss of

27  Harold's remaining business inventory and is liable to Harold pursuant to *California Civil

28  Code,* § 1993.06.

6

## II. Conversion

Harold contends that Martin is liable for the lost or stolen inventory based on a deliberate act, that is, conversion.  "A landlord is guilty of conversion when he or she refuses to permit the tenant to remove property during the tenancy or at a subsequent time when the tenant has a right of removal even though there is no manual taking on the part of the landlord."  *7 Miller and Starr, California Real Estate,* § 19:233 (3d ed. 2012), *citing, Pearl v. Figoni*, 49 Cal. App. 2d 662, 663 (1942).  "However, the removal of a tenant's property and its storage in the tenant's name without any other exercise of dominion over it is not conversion, and the tenant may only recover actual damages suffered by reason of injury to the property or the loss of its use."  *Id., citing, Jordan v. Talbot*, 55 Cal. 2d 597, 610 (1961) and *Zaslow v. Kroenert*, 29 Cal. 2d 541, 551 (1946).  In such case when conversion is not substantiated, the tenant "is therefore entitled only to actual damages in an amount sufficient to compensate [the tenant] for any impairment of the property or loss of its use."  *Jordan v. Talbot*, 55 Cal. 2d at 610, *citing, Zaslow v. Kroenert*, 29 Cal. 2d at 549-552.

The court finds that Martin is not liable to Harold under a theory of conversion because there is no evidence that Martin used the inventory for his own use or purpose, or that there is any other indication of a sufficient exercise of dominion or control by Martin to rise to the level of conversion.  Because conversion is not met, under this theory, Martin's liability would be limited to actual damages.  In this case, actual damages would not apply given that the inventory was not impaired and that Harold did not simply lose its "use."

## III. Bailment

Harold also asserts that Martin is liable as a bailee of the inventory remaining in the premises.  Under *California Code of Civil Procedure,* § 1174, which governs the rights of a landlord as to the personal property of an evicted tenant, the landlord cannot assume the status of a levying officer, and thus cannot entertain or act upon any claim of personal property exemption by the tenant.  *Gray v. Whitmore*, 17 Cal. App. 3d 1, 19 (1971).  A

landlord is merely a bailee for storage, who may be reimbursed reasonable storage

costs. *Id.* Following an eviction, the landlord is a bailee and the evicted tenant is the

bailor of the tenant's personal property that was left behind in the premises. *Bank of*

*America National Trust & Savings Ass'n. v. Taliaferro*, 144 Cal. App. 2d 578, 583 (1956).

"If [the bailee] fails to establish the absence of negligence, the bailee is liable to the bailor

for any damages suffered due to the failure to redeliver the bailed property." *Gardner v.*

*Downtown Porsche Audi*, 180 Cal. App. 3d 713, 715 (1986), *citing, 3 Witkin, Summary of*

*California Law, Personal Property*, § 137 (8th ed. 1973), and cases cited therein.  "This is

true even where a third person stole the subject of the bailment and thus made redelivery

impossible." *Id.* at 715.

Here, Martin, as Harold's landlord, was the bailee for Harold's business inventory

remaining in the premises.  Further, as indicated previously, Martin was negligent in his

actions or lack thereof because each of the elements of negligence is satisfied.

Therefore, Martin as a bailee cannot establish the absence of negligence, and

accordingly, the court finds Martin as a bailee is also liable for the loss of Harold's

inventory stolen or removed from the premises under Martin's control.

The court further rejects Martin's argument that Harold's claim should be denied

because he did not pay reasonable storage costs to Martin within 15 days of eviction and

that Martin had the right to dispose of the property if it had a value of less than $300.00.

*California Code of Civil Procedure,* § 715.010(b); *California Civil Code,* §§ 1988 and

1993.07.  First, the court finds credible Harold's trial testimony that he offered to pay

Martin reasonable storage costs.  Second, Harold's personal property as the court has

found had a value well in excess of the threshold amounts of $300 or $750 as provided in

*California Civil Code,* §§ 1988 and 1993.07, and thus, Martin did not have the right as

Harold's landlord to dispose of the property without a public auction.  Third, and perhaps

more importantly, regardless of whether Harold offered to pay Martin reasonable storage

costs, or had so paid such costs, Harold's claim should not be denied based on unpaid

storage costs because Martin denied Harold reasonable access to the premises so that

1 | Harold could have removed the remaining personal property before the storage costs

2 | were due, and thus, Martin is liable as a negligent bailee to Harold.

3 |       This memorandum decision constitutes the court's findings of fact and conclusions

4 | of law.  The court will enter a separate final order overruling in part and sustaining in part

5 | debtors' objection to Harold Pemstein's proof of claim as to lost inventory and allowing

6 | the claim for lost inventory as a general unsecured claim in the amount of $23,730.00.

7 |       IT IS SO ORDERED.

8 |                             ###

DATED: October 17, 2012

_____
United States Bankruptcy Judge

9

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION RE: DEBTORS' OBJECTION TO PROOF OF CLAIM OF HAROLD PEMSTEIN RELATING TO LOST INVENTORY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **October 17, 2012**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Alan W Forsley    awf@fredmanlieberman.com, awf@fkllawfirm.com,addy@fkllawfirm.com
Nancy Knupfer    nk@fkllawfirm.com,lac@fkllawfirm.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Harold Pemstein
2430 Holiday Road
Newport Beach, CA 92660

Martin Pemstein
Diana Pemstein
2516 Vista Baya
Newport Beach, CA 92660

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

F 9021-1