

FILED & ENTERED

JAN 06 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-15900-RK |
| MARTIN PEMSTEIN and DIANA PEMSTEIN | Chapter 11 |
| Debtors. | ORDER OF ABSTENTION ON DEBTOR MARTIN PEMSTEIN'S MOTION TO RECOVER EXCESS PAYMENTS |

Pending before the court is the Motion to Recover Payments in Excess of Allowed Claims ("Motion") filed by Debtor Martin Pemstein ("Debtor"). ECF 433.  The Motion was opposed by Harold Pemstein ("Creditor") ("Opposition").  ECF 435.  In the Motion, Debtor argues that Creditor had a total claim of $717,796.65, based on a California state court judgment, pre-petition interest, and an order by this court.  Debtor further argues that he and joint debtor, Diana Pemstein ("Debtors") paid a total of $859,917.27 to Creditor, and are thus owed $118,181.85 as an overpayment of the claim, plus interest.

Creditor, in his Opposition, agrees with the total amount paid by Debtors to Creditor, but disagrees with Debtors' calculation of his claim, and argues that the resolution of any dispute over payment of the claim is best left to the California state court.  Creditor further argues that any overpayment would be exceeded by the interest

1   on the California state court judgment awarded to Creditor if this court determines the

2   debt to be nondischargeable.  *Opposition*, ECF 435, at 2:15-3:8; *see also,* California

3   Code of Civil Procedure § 685.010(a)(interest rate on money judgments in California is

4   10% per annum).  .

5          The court agrees with Creditor that this matter is best left to the state court to

6   decide, and thus abstains for the reasons discussed herein.  The Ninth Circuit in *In re*

7   *Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990), laid out the factors which a

8   bankruptcy court should consider in deciding whether to abstain in favor of non-

9   bankruptcy litigation.  Those factors, and this court's determination of whether they weigh

10  against or in favor of abstention, are:

11  **1.      The effect or lack thereof on the efficient administration of the estate if a**

12  **Court recommends abstention**

13         This factor weighs heavily in favor of abstention.  As noted by Creditor in his

14  Opposition, this court entered the Order Granting Motion for Final Decree on September

15  25, 2013.  ECF 421.  It would be inefficient for this court now to adjudicate a dispute in a

16  bankruptcy case where the case has been fully administered in that a final decree has

17  been entered and Debtors have received their discharge.

18  **2.      The extent to which state law issues predominate over bankruptcy issues**

19         This factor weighs heavily in favor of abstention.  The issues here are almost

20  entirely based on state law.  Moreover, the state trial court has yet to finally determine the

21  proper amount of costs to award Creditor in connection with the judgment on remand

22  from the state appellate court.  *Declaration of Christopher L. Blank*, ECF 435, ¶ 5.  This

23  uncertainty makes it impossible to determine if there has, in fact, been an overpayment

24  because the state trial court is redetermining the proper amount of costs to be awarded

25  Creditor in the state court litigation.  For this court to determine the overpayment, it would

26  be essentially guessing what the state trial court will be deciding on remand, which

27  involve matters of state law.  The state trial court is in the best position to determine what

28  the proper costs to be awarded Creditor in the litigation before that court.

**3.      The difficulty or unsettled nature of the applicable law**

This factor weighs against abstention. The applicable law regarding costs does not appear to be difficult or unsettled.

**4.      The presence of a related proceeding commenced in state court or other nonbankruptcy court**

This factor weighs heavily in favor of abstention as the resolution of the related state court proceeding to redetermine the proper amount of costs to be awarded Creditor for litigation in that court is likely to be determinative of the Motion.  This motion is not simply a mathematical determination of the appropriate amount of payment of a fixed claim.  The claim itself has to be determined and fixed upon remand from the state appellate court, that is, this is not the situation that the amount is fixed so that the amount of the overpayment can be easily.  There may or may not be an overpayment because the state appellate court did not decide that there were no costs owed by Debtor to Creditor, but only that the amount of costs owed has to be redetermined.  Moreover, there may not be an overpayment of the claim paid to Creditor because this court is determining that the underlying debt is nondischargeable by a judgment in the adversary proceeding being filed concurrently herein, and Debtor will be liable to Creditor for interest on the money judgment at the statutory rate of 10% per annum in California. California Code of Civil Procedure § 685.010(a).  Thus, Debtors have a remedy in state court to seek restitution of any overpayment of the debt from the judgment as noted previously under California Code of Civil Procedure § 908 once the state court redetermines the proper amount of costs.

**5.      The jurisdictional basis, if any, other than 28 U.S.C. § 1334**

This factor weighs against abstention.  This matter involving the proper amount to be paid on a creditor's claim filed in this case is a "core" proceeding pursuant to 28 U.S.C. § 152(b)(2)(A) as a matter concerning the administration of the estate.

**6.      The degree of relatedness or remoteness of the proceeding to the main bankruptcy case**

This factor weighs in favor of abstention.  This proceeding can be entirely adjudicated in state court and is therefore remote and unrelated to the main bankruptcy case.

**7.      The substance rather than form of an asserted "core" proceeding**

This factor weighs in favor of abstention.  Although this matter is a "core" proceeding in form, in substance, it is an attempt by Debtors to have this court determine the amount owed by Debtors pursuant to a state court judgment, which are essentially issues of nonbankruptcy state law.

**8.      The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court**

This factor weighs heavily in favor of abstention.  The state court will eventually determine whether or not Debtors have made excess payments on the debt owed by Debtor Martin Pemstein to Creditor. There is no reason to have the state court determine the amount of overpayment, if any, and then have this court enforce that determination. Debtors have a remedy to obtain any overpayment of the debt in the state court pursuant to California Code of Civil Procedure § 908 because under that provision, the state court may order restitution to them if they have overpaid Creditor's claim based on the state court judgment.  Thus, Debtors' concerns about overpayment of the debt to Creditor may be fully redressed in the state court litigation.

**9.      The burden of [the bankruptcy court's] docket**

This factor weighs in favor of abstention.  As discussed above, the state court already must determine this issue, and it would unnecessarily burden this bankruptcy court's docket to make this determination of how much of the costs incurred in the state court litigation should be awarded Creditor, which is in a better position to make this

determination since the litigation was before that court and the issue of costs presents only state law issues.

**10.    The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties**

This factor is neutral.  There is no evidence that either party is forum shopping in this instance.

**11.    The existence of a right to a jury trial**

This factor is inapplicable because the determination of costs in the state court litigation is a court determination, not a matter for jury trial.

**12.    The presence in the proceeding of non-debtor parties**

This factor weighs in favor of abstention.  Creditor is a non-debtor party.

*****

Based on the majority of the *Tucson Estates* factors supporting abstention, the court exercises its discretion under 28 U.S.C. § 1334(c)(1) to permissively abstain from hearing Debtors' Motion to Recover Payments in Excess of Allowed Claims.  The *Tucson Estates* factors indicate to the court that the Motion to Recover Payments in Excess of Allowed Claims involves determinations that must necessarily be made by the state court, and it would be inefficient and unnecessary for this court to determine whether Debtors have made excess payments to Creditor when the amount of the claim for costs is being redetermined by the state trial court.

///

///

5

1          Accordingly, for the foregoing reasons, the court exercises its discretion to abstain

2  from hearing further proceedings related to Debtors' Motion to Recover Payments in

3  Excess of Allowed Claims.

4          IT IS SO ORDERED.

5                                ###

Date: January 6, 2015

Robert Kwan
United States Bankruptcy Judge